UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE H. RAUCH,<br><br>                           Plaintiff,<br><br>   v.<br><br>PATRICK R. DONAHOE, *et al*.<br><br>                           Defendants. | Case No.  14-cv-02347-BAS(DHB)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED** *IN FORMA PAUPERIS* **(ECF NO. 2); AND**<br><br>**(2) DISMISSING COMPLAINT WITHOUT PREJUDICE** |

On October 3, 2014, Plaintiff Grace H. Rauch commenced this action under 42 U.S.C. § 1983 against Patrick R. Donahoe, on behalf of the United States Postal Service, Marilyn McKee, Li Churchill, Sean Salter, Alfonzo Forster, Michelle Tiberia, Frank Dominguez, Jojo Bardiago, Segred Alexander, Will Tagart, and Paulette, seeking money damages.  On the same day, she also filed a motion seeking leave to proceed *in forma pauperis* ("IFP").  (ECF No. 2.)  For the reasons outlined below, the Court **DENIES** Plaintiff's IFP motion.

The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds,* 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant

has satisfied the statute's requirement of indigency."). It is well-settled that a party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs…and still be able to provide himself and dependents with the necessities of life." *Id.* at 339 (internal quotations omitted). At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense,…the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See e.g.*, *Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994), *vacated in part on other grounds, Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995) (finding that a district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family). Moreover, "[i]n forma pauperis status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed *in forma pauperis* should be required to pay his $120 filing fee out of a $900 settlement). In addition, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

Having read and considered Plaintiff's application, the Court finds that Plaintiff fails to meet the requirements in 28 U.S.C. § 1915 for IFP status. Plaintiff

states she is employed and taking home $861.03 in salary or wages for an unspecified pay period. (IFP Mot. at ¶ 2.) While Plaintiff does not list her monthly expenses, Plaintiff states she has no dependents or debts other than car payments. (*Id*. at ¶¶ 6, 8-9.) On its own, this information would be insufficient for the Court to make a determination as to Plaintiff's IFP status. However, the Court finds it appropriate to take judicial notice of Plaintiff's concurrently filed Request for Appointment of Counsel (ECF No. 3), which contains additional financial information concerning Plaintiff. In her Request for Appointment of Counsel, Plaintiff states that she earns $4,000 per month and her monthly expenses total $1,717. (ECF No. 3 at pp. 5, 7.) Plaintiff further asserts that she is married and her spouse also earns $4,000 per month. While Plaintiff indicates that she is separated from her spouse, even based on her salary alone, the Court finds that Plaintiff has adequate funds to pay the required filing fee.

      In light of the foregoing, the Court **DENIES** Plaintiff's application to proceed *in forma pauperis* (ECF No. 2), and **DISMISSES WITHOUT PREJUDICE** the complaint. Pursuant to this order, Plaintiff is granted 30 days' leave to pay the filing fee required to maintain this action pursuant to 28 U.S.C. § 1914, or to submit additional documentation regarding her financial status. **IF PLAINTIFF CHOOSES TO FILE ADDITIONAL INFORMATION REGARDING HER POVERTY, SHE MUST ATTACH A COPY OF THIS ORDER.** Additionally, Plaintiff is reminded that an IFP application is made under penalty of perjury, and any false statements may result in dismissal of her claims, imprisonment of not more than five years, or a fine. *See* 18 U.S.C. §§ 1621, 3571.

      IT IS SO ORDERED.

**DATED: October 8, 2014**

Hon. Cynthia Bashant
United States District Judge